**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| Mr. and Mrs. G on their own behalf, and as Next Friends of S.G., | : | Civil Action No. 3:17-cv-02161 |
| Plaintiffs | : | |
| v. | : | |
| Canton Board of Education, Kevin D. Chase, Superintendent, Julie Auseré, Chairperson Board of Education, Perri S. Murdica, Director of Pupil Personnel Services, each person in their official capacity, | : | |
| Defendant | : | January 3, 2018 |

## COMPLAINT

1. Preliminary Statement

   1. This action is brought by Mr. and Mrs. G. on their own behalf and on behalf of their daughter, S.G., and seeks reasonable attorneys' fees and costs pursuant to the Individuals with Disabilities Education Act (hereinafter IDEA), 20 U.S.C. 1400 et seq., incurred as the result of the Due Process Hearing Officer's Final Decision and Order dated       . (See attached Exhibit A).

11. Jurisdiction

    2. This court has jurisdiction pursuant to 20 U.S.C. 1415(i)(2) and (3).

111. Parties

    3. Plaintiffs Mr. and Mrs. G. are Parents of a student with a disability, S.G., who resides with her parents, Mr. and Mrs. G., in Canton, Connecticut.

Defendant Canton Board of Education (hereinafter "Board") is established by the laws of the State of Connecticut with the responsibility of providing public education, including special education, to disabled children residing in Newtown pursuant to the laws of the State of Connecticut. Defendant Kevin D. Chase is the Superintendent of the Canton public schools, Julie Auseré is the Chairperson of the Canton Board of Education and Perry Murdica is the Director of Pupil Personnel Services. The defendants are each sued in their official capacities.

3. The Board receives federal funds from various sources including the United States Department of Education pursuant to the IDEA, 20 U.S.C. 1401 et seq., and 34 C.F.R. 300.1 et seq..

IV.  Factual Allegations

6. On April 7, 2017, a due process hearing commenced in this matter before an impartial hearing officer appointed by the State Department of Education. The hearing continued on May 16, 2017, June 16, 2017, July 7, 2017, July 11, 2017 and July 12, 2017.

7. The issues presented to the Hearing Officer were:

1. Did the Canton Board of Education (Board) offer the Student a free appropriate public education for the 2014-15, 2015-16 and/or 2016-17 school year including the 2015 and 2016 extended school years?

a) If the Board did not offer the Student a free, appropriate public education for the 2014-15, 2015-16 and/or 2016-17 school years, including the 2015 and 2016 extended school years did the Student require a residential placement?

b) If the Board did not offer the Student a free, appropriate public education for the 2014-15, 2015-16 and/or 2016-17 school year including the 2015 and

2

       2016 extended school years and the Student did require a residential placement

is the Middlebridge school (Middlebridge) appropriate?

    c) If the Board did not offer the Student a free, appropriate public education for the 2014-15, 2015-16 and/or 2016-17 school year including the 2015 and 2016 extended school years and the Student did require a residential placement and Middlebridge was appropriate, should the Student be placed at Middlebridge and/or reimbursed for the expense of the Middlebridge placement?

    d) If the Board did not offer the Student a free, appropriate public education for the 2014-15, 2015-16 and/or 2016-17 school year including the 2015 and 2016 extended school years and the Student did not require a residential placement and the Middlebridge day program was appropriate, should the Student be placed at Middlebridge for the day program and/or reimbursed for the expense of the Middlebridge day program placement?

    e) If the Board did not offer the Student a free, appropriate public education for the 2014-15, 2015-16 and/or 2016-17 school year including the 2015 and 2016 extended school years and the Student did not require a residential placement or Middlebridge was not appropriate as a day or residential program, is the Student entitled to compensatory education services?

2. Did the Board violate the Student's rights under Section 504 of the Rehabilitation Act?

3. If so, what is the appropriate remedy?

8. These issues were properly raised by the parents at a Planning and Placement Team meeting held by the Board prior to commencing the due process hearing.

9. In a Final Decision and Order dated November 1, 2017 (See Exhibit A), the Hearing Officer held that the Board provided the student a free, appropriate public education for the 2014-15 and 2015-2016 school years; the Board did not offer the Student a free, appropriate public education for the 2016-2017 school year, the Student does not require a residential placement and Middlebridge School is not appropriate as a day placement and ordered that the Student is entitled to compensatory education services in the form of specialized instruction in mathematics at the rate of .80 hours for each day that school was in session during the 2016-2017 school year.

10. At no time in this case did the Board make an offer of judgment pursuant to 20 U.S.C. § 1415(i)(3)(D)(i)(I).

11. By virtue of the Hearing Officer's decision, the Plaintiffs partially prevailed in the final decision in their special education hearing.

12. The Law Office of Courtney P. Spencer, LLC is a private law firm which provides legal representation to individuals with disabilities in special education matters.

13. Attorney Courtney P. Spencer of the Law Office of Courtney P. Spencer, LLC represented Mr. and Mrs. G..

14. Pursuant to the IDEA and on behalf of the Plaintiffs, in correspondence dated January 3, 2018 accompanied by contemporaneous time records, Attorney Spencer requested from the Board attorneys' fees totaling $61399.43. (See Exhibits B and C attached hereto).

15. The District has not yet paid any portion of the requested attorneys' fees.

WHEREFORE, Plaintiffs pray for the following relief:

A. That this court assume jurisdiction over this matter.

B. That, pursuant to the IDEA, this Court award Plaintiffs reasonable attorneys' fees for representation provided in the special education matter of A.P. to date, as well as reasonable attorneys' fees and costs incurred in the bringing of this present action.

C. That the Court award any other relief deemed just and proper.

                            Plaintiffs,

                            By /s/Courtney P. Spencer
                            Attorney for the Parents
                            The Law Office of Courtney P. Spencer, LLC
                            100 Riverview Center, Suite 120
                            Middletown, CT 06457
                            Email: courtney@courtneyspencerlaw.com
                            Phone: (860) 430-5380
                            Fax: (860) 430-5382
                            Federal Bar No. ct22288

WHEREFORE, Plaintiffs pray for the following relief:

A. That this court assume jurisdiction over this matter.

B. That, pursuant to the IDEA, this Court award Plaintiffs reasonable attorneys' fees for representation provided in the special education matter of A.P. to date, as well as reasonable attorneys' fees and costs incurred in the bringing of this present action.

C. That the Court award any other relief deemed just and proper.

Plaintiffs,

By /s/ Courtney P. Spencer
Attorney for the Parents
The Law Office of Courtney P. Spencer, LLC
100 Riverview Center, Suite 120
Middletown, CT 06457
Email: courtney@courtneyspencerlaw.com
Phone: (860) 430-5380
Fax: (860) 430-5382
Federal Bar No. ct22288